Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO MILLENNIUM<br>Recurrido<br><br>v.<br><br>ROCCA DEVELOPMENT CORPORATION, F&R CONSTRUCTION, CORP., *ET AL*<br>Peticionarios<br><br><br>ATLAS ROOFING CONTRACTORS, INC.; ASEGURADORAS 1, 2 y 3; GUILLERMO RAMIS; ASEGURADORAS 4, 5 y 6, J.T. LOWERY & CO.<br>Terceros Demandados | TA2026CE00506 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.<br>K AC2010-1058<br><br>Sobre:<br>Defectos de Construcción, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de junio de 2026.

Comparece F&R Construction Corp. (F&R o peticionaria), a través de recurso de *certiorari*, solicitando que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 6 de abril de 2026. Mediante su dictamen interlocutorio el foro primario declaró *No Ha Lugar* la solicitud de F&R para que fuera admitido el informe pericial del fenecido Ingeniero Gregorio Hernández, por constituir prueba de referencia.

Contrario a ello, juzga la peticionaria que se daban las circunstancias que posibilitaban la excepción a la prueba de referencia por causa de la no disponibilidad del referido ingeniero. Aduce que no tiene lógica que el foro primario hubiese admitido la deposición que se le tomó a dicho perito sobre el referido Informe, pero no admitiera el propio documento del cual trató la deposición que se admite.

Habiendo examinado el curso decisorio tomado por el TPI acerca de la prueba pericial escrita aludida, junto a los argumentos esgrimidos por la peticionaria, no apreciamos que en la Resolución recurrida interviniera la pasión, el prejuicio o el error manifiesto que demuestre abuso de discreción, de modo que juzgamos injustificado intervenir con el asunto planteado.

**I. Resumen del tracto procesal pertinente**

El caso ante nuestra consideración tuvo su génesis cuando, el 2 de septiembre de 2010, el Consejo de Titulares del Condominio Millennium (el Consejo o recurrido) instó una *Demanda* contra F&R y otros. En síntesis, el Consejo aseveró que el referido Condominio adolecía de numerosos defectos ocultos de construcción atribuibles a las partes que identificó como demandadas. La parte aquí peticionaria fue traída como tercero demandado.

Posteriormente, el Consejo de Titulares presentó una *Solicitud de Autorización para Presentar Segunda Demanda Enmendada* el 23 de marzo de 2017.

En respuesta, F&R instó su *Contestación a Segunda Demanda Enmendada* el 2 de mayo de 2017, (los demás demandados también presentaron sus respectivas contestaciones a demanda).

Tiempo después, el 5 de febrero de 2019, y en lo que nos concierne, como parte del descubrimiento de prueba, el Condominio le tomó una deposición al Ingeniero Gregorio Hernández, perito de F&R.[1]

Superadas varias incidencias procesales, el 20 de enero de 2026, F&R presentó una *Moción Informativa sobre Fallecimiento de Perito y en Solicitud de Orden*. Tal como se advierte en el título de la moción, la peticionaria puso en conocimiento el Tribunal sobre el fallecimiento de su perito, el Ingeniero G. Hernández, el 8 de agosto de 2022. Entonces,

---

[1] Apéndices 10 y 11 del recurso de *certiorari*.

citando a la Regla 806 de Evidencia, 32 LPRA Ap. VI, relativa a la excepción de prueba de referencia por causa de testigo no disponible, solicitó: que se permitiera presentar el testimonio de dicho perito mediante la transcripción de la deposición que se le tomó y que se admitiera en evidencia el informe pericial suscrito por este.

Como resultado, el 22 de enero de 2026, el TPI emitió una *Orden*, en la cual dispuso que el asunto fue *atendido en corte abierta.[2]*

En cualquier caso, lo cierto es que, el 9 de febrero de 2026, el Consejo compareció ante el TPI mediante *Moción en Cumplimiento de Orden[3]*, oponiéndose a que fuera admitido como prueba el informe pericial del ingeniero G. Hernández, por tratarse de prueba de referencia no concebida dentro de las excepciones reglamentarias.

Ante ello, el 13 de febrero de 2026, el TPI le concedió veinte (20) días a F&R para replicar.

En efecto, el 20 de febrero de 2026, F&R presentó su *Réplica a Moción en Cumplimiento de Orden.* Esgrimió que: no debería haber controversia sobre la admisibilidad de la transcripción de la deposición que le fue tomada a su perito; la deposición aludida trató fundamentalmente del contenido del informe pericial preparado, de modo que no tendría sentido admitir la deposición, pero no el informe; como parte de las preguntas en la deposición el perito tuvo oportunidad de autenticar su informe; la admisión del informe está prevista en la Regla 809 de Evidencia.

Es así como, el 8 de abril de 2026, el TPI notificó la *Orden* cuya revocación nos solicita la peticionaria, declarando *No Ha Lugar* la solicitud

---

[2] Apéndice 13 del recurso de *certiorari*. Sépase que, a pesar de que dicha *Orden* alude a alguna incidencia ocurrida en consideración a una vista, del apéndice no surge documentación que explique qué fue lo que *se atendió en corte abierta* o copia de minuta al respecto.

[3] Se explica en esta moción que, celebrada una *Conferencia de estatus* el 21 de enero de 2026, el TPI le concedió término a la recurrida para expresarse sobre la solicitud de la peticionaria para que se admitiera como evidencia el informe preparado por el perito de esta última.

de F&R para que fuera admitido en evidencia el informe pericial del referido perito. Razonó el foro recurrido que el informe aludido constituye prueba de referencia inadmisible. Además, el mismo foro le concedió a la peticionaria un término de veinte días para informar si se proponía preparar un nuevo informe pericial únicamente dirigido a lo evaluado por el ingeniero Hernández.

En desacuerdo, el 24 de abril de 2026, F&R acudió ante nosotros mediante recurso de *certiorari*, señalando la comisión del siguiente error:

> Erró el TPI al declarar no ha lugar la solicitud de F&R para someter en evidencia el informe pericial del fenecido Ingeniero Gregorio Hernández, bajo el argumento de que el mismo constituye prueba de referencia.

En esencia, la peticionaria reproduce los argumentos esbozados en su moción de 20 de febrero de 2026, en términos de que: "[l]as preguntas que le hizo [el Consejo de Titulares] al [ingeniero] Hernández durante su deposición brindan una garantía de confiabilidad de que el informe que […] solicita sea admitido en evidencia fue el que el [Ingeniero] Hernández redactó"[4]; "la mayor parte de la deposición que se le tomó al [ingeniero] Hernández gira alrededor de lo que éste estableció en su informe pericial"[5]; "[n]o tiene sentido alguno que se admita el testimonio del [ingeniero] Hernández que surge de la deposición sin que, a su vez, se acepte en evidencia su informe pericial"[6]; "[e]l informe pericial del [ingeniero] Gregorio Hernández es la pieza de evidencia con mayor valor probatorio para demostrar la opinión del ingeniero en torno a las deficiencias que se alegan por [el Consejo]".[7] Adicionalmente, argumentó que "preparar un nuevo informe pericial únicamente dirigido a lo evaluado por el Ingeniero Hernández ya no es posible"[8], pues "luego de la presentación de la *Demanda* en el 2010, el Huracán María pasó por Puerto Rico y el Consejo

---

[4] *Certiorari*, Entrada Núm. 1 de SUMAC (TA), pág. 11.
[5] *Íd.*
[6] *Íd.*
[7] *Certiorari*, Entrada Núm. 1 de SUMAC (TA), pág. 13.
[8] *Certiorari*, Entrada Núm. 1 de SUMAC (TA), pág. 15.

de Titulares reparó los severos daños causados al Condominio Millennium, gran parte de ellos [...] en las áreas en las que el Consejo de Titulares alega la existencia de deficiencias de construcción".[9] Por lo anterior, manifestó que "un nuevo perito no podría observar las deficiencias alegadas por [el Consejo de Titulares], las cuales, a su vez, fueron objeto de la evaluación que hizo el [Ingeniero] Gregorio Hernández¨[10], dejando a la corporación en un estado de indefensión. Finalizó afirmando que "el no permitirle [...] someter en evidencia el informe pericial del [Ingeniero] Gregorio Hernández constituye una violación al debido procedimiento de ley".[11]

Ripostó el Consejo mediante *Memorando en Oposición a Expedición de Auto de Certiorari*. En síntesis, afirmó que "la admisibilidad de la transcripción de deposición como testimonio anterior no se extiende al informe pericial del perito depuesto"[12] debido a que, "el [i]nforme pericial excluido no cuenta con garantías circunstanciales de confiabilidad".[13] Expresó que lo anterior se debe a que "se trata de un documento: (i) preparado por un costo; (ii) creado con el único objetivo de ser utilizado en un procedimiento adversativo; (iii) que no está juramentado; (iv) y que fue hecho con la expectativa de que fuera discutido mediante testimonio en juicio que también sería remunerado al autor".[14] Por tanto, argumentó que "es inevitable concluir que existen motivaciones para que el perito no diga la verdad".[15] El Consejo también sostuvo que "[o]tra poderosa razón para concluir que el [i]nforme no es la prueba con el mayor valor probatorio es que F&R cuenta con otra prueba al respecto"[16], "[e]ntiéndase, la transcripción de la deposición de su perito que sí fue admitida en

---

[9] *Certiorari*, Entrada Núm. 1 de SUMAC (TA), pág. 14.
[10] *Certiorari*, Entrada Núm. 1 de SUMAC (TA), págs. 14-15.
[11] *Certiorari*, Entrada Núm. 1 de SUMAC (TA), pág. 15.
[12] *Memorando en Oposición a Expedición de Auto de Certiorari*, Entrada Núm. 4 de SUMAC (TA), pág. 17.
[13] *Memorando en Oposición a Expedición de Auto de Certiorari*, Entrada Núm. 4 de SUMAC (TA), pág. 19.
[14] *Íd.*
[15] *Íd.*
[16] *Memorando en Oposición a Expedición de Auto de Certiorari*, Entrada Núm. 4 de SUMAC (TA), págs. 19-20.

evidencia".[17] En adición, indicó que el TPI le concedió oportunidad a la peticionaria para que otro perito prepare un nuevo informe, únicamente dirigido a lo evaluado por el ingeniero Hernández. Con respecto a lo cual aseveró que "es totalmente posible preparar un segundo Informe a la luz de la directriz del TPI [...] dirigido a revisar los elementos pertinentes al valor probatorio del [i]nforme en controversia", "[e]ntre estos: (i) si el testimonio está basado en hechos o información suficiente; (ii) si el testimonio es el producto de principios y métodos confiables; (iii) si la persona testigo aplicó los principios y métodos de manera confiable a los hechos del caso [...]".[18] Además, el Consejo arguyó que, "contrario a lo concluido por F&R, la determinación del TPI no implica una violación a su derecho constitucional al debido proceso de ley en su vertiente procesal".[19] Por último, manifestó que "resulta propio puntualizar que el reclamo de F&R sobre error constitucional es a todas luces prematuro", puesto que "el TPI no ha considerado prueba alguna ni ha adjudicado la controversia sobre la cual versa el Informe".[20]

## II. Exposición de Derecho

### A. *Certiorari*

El auto de *certiorari* es el vehículo procesal discrecional mediante el cual un tribunal de mayor jerarquía puede revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016); *García v. Padró*, 165 DPR 324, 334-335 (2005). La expedición de un auto de *certiorari* descansa en la sana discreción del tribunal. *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729. Como ha señalado nuestro Tribunal Supremo, el recurso de *certiorari* se distingue por "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v.*

---

[17] *Memorando en Oposición a Expedición de Auto de Certiorari*, Entrada Núm. 4 de SUMAC (TA), pág. 20.
[18] *Íd.*
[19] *Íd.*
[20] *Íd.*

*BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción no es irrestricta, sino que se debe ejercer dentro del marco de la razonabilidad. *García v. Asociación*, 165 DPR 311, 321 (2005).

Por su parte, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece las circunstancias bajo las cuales el Tribunal de Apelaciones está facultado para ejercer su discreción al revisar una resolución interlocutoria del foro primario. En lo relevante, la Regla 52.1 establece como una de las circunstancias excepcionales que nos habilitan para intervenir con tales resoluciones, cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, y en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De haber determinado que el asunto planteado ubica dentro de alguna de las materias contempladas en la Regla 52.1, *supra*, entonces procede evaluar si, a la luz de los siguientes criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, se justifica expedir el recurso solicitado:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
> 4 LPRA Ap. XXII-B, R. 40.

Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró*, supra, pág. 335.

### B. Discreción Judicial

Nuestro más alto foro ha reconocido que la discreción es el más poderoso instrumento reservado a los jueces para hacer justicia. *Rodríguez v. Pérez*, 161 DPR 637 (2004). De este modo, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Nuestro más alto foro ha enfatizado que la discreción judicial "se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), citando a *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).

Por otra parte, el mismo alto foro ha expresado que ***un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto***. (Énfasis provisto). *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Sobre lo mismo:

> [L]os tribunales de origen son los que están en mejor posición para determinar cómo se debe manejar un caso que esta ante su consideración. Las determinaciones que haga en el sano ejercicio de su discreción deben ser respetadas por los foros apelativos, a menos, claro está, que se demuestre arbitrariedad, un craso abuso de discreción, una determinación errónea que cause grave perjuicio a una de las partes, o la necesidad de un cambio de política pública procesal o sustantiva. Esta norma fortalece el principio de que serán los tribunales de origen los que manejen los casos que les son presentados. *Rebollo López v. Gil Bonar*, 148 DPR 673, 678 (1999).

## III. Aplicación del Derecho a los hechos

a.

Contrario a la apreciación de la parte recurrida, juzgamos que la controversia planteada por F&R sí es susceptible de nuestra atención a través del recurso de *certiorari*, por virtud de la Regla 52.1 de Procedimiento Civil, *supra*. En específico, hemos sido facultados para expedir un auto de *certiorari* cuando se recurre de una resolución que

atiende asuntos sobre admisibilidad de prueba pericial, en este caso, de un informe pericial.

A pesar de reconocer esto, ello no suprime el carácter discrecional del recurso de *certioriari*, que persiste, siendo precisamente tal discrecionalidad su característica distintiva.

b.

Dispuesto lo anterior, conviene deslindar o clarificar en qué consiste la controversia que nos ha tocado dilucidar. Según lo desvela el recuento procesal, a partir de la muerte del perito de F&R, el ingeniero G. Hernández, el TPI le permitió a esta parte que presentara como evidencia la deposición que el Consejo le tomó al referido perito, más no el informe pericial que rindió, al calificarlo de prueba de referencia. Juzga F&R que, admitida la deposición tomada al perito sobre el informe que resultó excluido, se carece de sustento en derecho para no admitir tal informe. Aduce, a su vez, que ello lesiona su debido proceso de ley.

Sobre lo anterior, juzgamos que no requiere mayor explicación reconocer que, tanto el informe pericial, como la deposición tomada al ingeniero G. Hernández, constituyen prueba de referencia, según la acepción que de dicho concepto jurídico ofrece la Regla 801(c) de Evidencia, 32 LPRA Ap. VI. Es decir, ambas son declaraciones anteriores del ingeniero que se pretenden utilizar en el juicio para probar la verdad de lo aseverado, sin que esté dicho declarante disponible para ser interrogado en la vista en su fondo.

Resulta evidente, además, que el TPI juzgó que acontecían los presupuestos contenidos en la Regla 806(a)(4) y 806(b)(1) de Evidencia, 31 LPRA Ap. VI, al admitir como prueba de F&R para el juicio la deposición que el Consejo le tomó al referido ingeniero. Es decir, no hay controversia en que tal deposición podrá ser admitida en evidencia en el juicio, como excepción a la regla general de exclusión de prueba de referencia, por cuanto se trata de un testigo no disponible (el perito falleció), pero que

antes fue sujeto a interrogatorio por el Consejo, y el testimonio quedó plasmado en la deposición.

El párrafo que antecede no responde a una revisión de la determinación que sobre la admisibilidad de la deposición hiciera el TPI, pero sí lo utilizamos para llamar la atención a la dificultad que nos supone admitir el argumento sobre una presunta lesión al debido proceso de ley de F&R, por no admitirse el informe pericial, cuando sabemos que esta contará con la presentación de la referida deposición como prueba, cuyo contenido esencial trata, precisamente, sobre las respuestas ofrecidas por el perito sobre el informe que suscribió.

Claro, hay distinciones esenciales entre la deposición y el informe escrito para fines de su admisión: (1) la Regla 806(a)(1), *supra*, expresamente identifica **la deposición** como posible prueba de referencia a ser admitida en juicio, de establecerse la indisponibilidad de la persona testigo y que hubiese sido interrogada; (2) no hay tal reconocimiento expreso sobre el informe pericial en la Regla 806, *supra*; (3) en la deposición el Consejo tuvo amplia oportunidad de dirigir y desarrollar el interrogatorio a quien sería un testigo contrario, el ingeniero G. Hernández, frente a la sola presentación del informe pericial como prueba sobre la veracidad de lo que allí fue suscrito.

Entonces, ante la ausencia de una disposición expresa contenida en las excepciones a la prueba de referencia de la Regla 806 de Evidencia, *supra*, para admitir el informe pericial, la peticionaria dirige nuestra atención o sostiene que dicho documento sí sería admisible bajo la Regla 809 de Evidencia, 31 LPRA Ap. VI, es decir, invocando la *cláusula residual*. Sin embargo, el inciso (a) de la referida cláusula admite prueba de referencia no concebida en las excepciones que le preceden, cuando "se trate de una declaración que tenga mayor valor probatorio para el cual se ofrece que cualquier otra que la persona hubiera podido conseguir". Y en este punto no hemos sido persuadidos de que el foro primario abusara de

su discreción al admitir la deposición, pero no el informe pericial. Dicho de otro modo, no hemos sido convencidos de que interviniera abuso de discreción, al aquilatar el foro primario que la deposición tiene mayor valor probatorio que el informe pericial excluido, inobservando pasión, prejuicio o error manifiesto al elegir tal curso de acción.

## IV. Parte dispositiva

Por lo expuesto, *denegamos* expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones